UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 2:15-cr-00291-JAD-PAL |
|---|---|
| Plaintiff | |
| v. | **Order Adopting Report and Recommendation and Denying Motion to Dismiss** |
| Suren Babayan, et al., | |
| Defendant | [ECF Nos. 38, 47, 49**]** |

Co-defendants Suren Babayan and Arsen Grigoryan stand charged with trafficking contraband cigarettes and related counts. The defendants move to dismiss the indictment under Federal Rule of Criminal Procedure 12(b), arguing that the superseding indictment violates their due-process rights under the Fifth Amendment. Alternatively, they argue that the superseding indictment should be dismissed based on outrageous government conduct and entrapment.[1] Magistrate Judge Leen recommends that I deny defendants' dismissal motion because the indictment is sufficient and defendants have not shown that the government's conduct in this case warrants dismissal.[2] Defendants object.[3] Having reviewed the objected-to portions of the magistrate judge's report and recommendation de novo, I overrule defendants' objections, adopt the report and recommendation, and deny defendants' motion to dismiss.

---

[1] Babayan filed the motion to dismiss, and Grigoryan joined in the motion. ECF Nos. 38, 39.

[2] ECF No. 47.

[3] Babayan filed objections to which Grigoryan has filed a motion for joinder. ECF Nos. 48, 49.

**Discussion**

**A.    Standards of Review**

A district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*.[4] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[5] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[6] Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[7] Defendants do not object to the magistrate judge's recommendation that I deny the motion to dismiss based on outrageous governmental conduct and entrapment, so I adopt these findings and conclusions without review. Defendants object only to the magistrate judge's recommendation that the motion to dismiss the cigarette-trafficking counts under Rule 12(b) be denied.[8] I review that ruling de novo.

**B.    Federal Rule of Criminal Procedure 12(b)**

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may bring a pretrial motion to dismiss an indictment for failure to state an offense. A pretrial motion to dismiss the indictment is generally appropriate when it involves questions of law rather than fact because "the district court is bound by the four corners of the indictment"[9] and accepts as true the facts alleged in

---

[4] *Id.*

[5] *Id.*

[6] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") (emphasis in original).

[7] *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[8] Defendants also argued in the Rule 12(b) portion of their motion to dismiss that the indictment does not sufficiently allege a conspiracy, but they do not raise this argument in their objections.

[9] *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014).

the indictment.[10]

An indictment is generally sufficient if it sets forth the elements of the offense charged in adequate detail to inform the defendant of the charge and enable him to plead double jeopardy.[11] The Ninth Circuit has repeatedly recognized that an "indictment that sets forth the charged offense in the words of the statute itself is generally sufficient."[12] "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[13]

**C.     The superseding indictment is sufficient to withstand a Rule 12(b) challenge.**

In their motion to dismiss, defendants argued extensively that they could not be charged with violating the Contraband Cigarette Trafficking Act ("CCTA") because the cigarettes defendants purchased and sold are not "contraband," which the Act defines with reference to the applicable state law. Because defendants did not intend the cigarettes for sale or distribution in Nevada and instead exported them for sale, they were not required under Nevada state law to purchase Nevada cigarette tax stamps, so the cigarettes are not "contraband." Magistrate Judge Leen rejected this argument, reasoning that defendants' arguments about whether they "owed any state cigarette taxes, and whether state cigarette taxes were actually due, are fact based determinations for the jury to decide based on the evidence introduced at trial, and not for the court to determine in a motion to dismiss."[14] Noting that the indictment tracks the language of the CCTA and alleges all elements of the offense, the magistrate judge concluded that the indictment is sufficient to withstand a pretrial motion to dismiss for failure to state an offense.[15]

---

[10] *See United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012).

[11] *United States v. Award*, 551 F.3d 930, 935 (9th Cir. 2009).

[12] *United States v. Ely*, 142 F.3d 1113, 1120 (9th Cir. 1997) (quoting *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1992)).

[13] *Ely*, 142 F.3d at 1120 (internal citations omitted).

[14] ECF No. 47 at 14.

[15] ECF No. 47.

Defendants maintain in their objections that the CCTA counts must be dismissed for failure to state an offense because the government has no "competent evidence" to support its contention that the cigarettes at issue in this case can be deemed contraband under the Act.[16] Defendants then reurge their argument that the cigarettes are not contraband because no Nevada state cigarette tax was due because they did not sell any of the cigarettes in Nevada.[17]

I agree with the magistrate judge that the indictment in this case—which tracks the statutory language of the CCTA—is sufficient to withstand a pretrial motion to dismiss. As the magistrate judge noted, "[i]n reviewing the sufficiency of the indictment, the court does not determine whether the government can prove its case, only whether the indictment states a cognizable offense."[18] Defendants' argument that the indictment should be dismissed because "[t]he government cannot present sufficient, competent, admissible evidence to allow a reasonable trier-of-fact to determine that [defendants] intended to sell, distribute, or otherwise dispose of the cigarettes **within** Nevada"[19] is thus unavailing. I also reject defendants' argument that the magistrate judge erred by "failing to force the government to identify the theory upon which it is relying to assert that the cigarettes at issue" are contraband.[20] The indictment tracks the statutory language of the CCTA and sufficiently alleges each element of the offense, which is generally sufficient,[21] and defendants cite no authority for the proposition that the government should be required to articulate its theory of the case. I therefore overrule defendants' objections, adopt the magistrate judge's report and recommendation, and deny defendants' dismissal motion.

---

[16] ECF No. 48 at 2.

[17] *Id.*

[18] ECF No. 47 at 13.

[19] ECF 48 at 2 (emphasis in original).

[20] *Id.*

[21] *United States v. Ely*, 142 F.3d 1113, 1120 (9th Cir. 1997).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Grigoryan's motion to join Babayan's objections **[ECF No. 49] is GRANTED**; defendants' objections **[ECF No. 48] are OVERRULED**, the magistrate judge's report and recommendation **[ECF No. 47] is ADOPTED**, and the motion to dismiss **[ECF No. 38] is DENIED.**

Dated this 4th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge